| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| R. Scott Andrews, SBN 219936<br><br>KIMBALL, TIREY & ST. JOHN LLP<br>2040 Main Street, Suite 500<br>Irvine, CA 92614<br>Tel: (949) 476-5585<br>Fax: (949) 476-5580<br><br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for:* Movant | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| In re:<br><br>**Gilnor May Masinda**<br><br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.: **8:17-bk-12608-MW**<br>CHAPTER: **7**<br><br>**NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR FOR ORDER CONFIRMING THAT THE AUTOMATIC STAY DOES NOT APPLY UNDER 11 U.S.C. § 362(l)**<br>**(with supporting declarations)**<br>**(UNLAWFUL DETAINER)**<br><br>DATE:<br>TIME:<br>COURTROOM:    on the    floor |

Movant: **The Irvine Company, LLC**

1. **Hearing Location:**

   ☐ 255 East Temple Street, Los Angeles, CA 90012    ☑ 411 West Fourth Street, Santa Ana, CA 92701
   ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367    ☐ 1415 State Street, Santa Barbara, CA 93101
   ☐ 3420 Twelfth Street, Riverside, CA 92501

2. Notice is given to the Debtor and trustee (*if any*)(Responding Parties), their attorneys (*if any*), and other interested parties that on the date and time and in the courtroom stated above, Movant will request that this court enter an order granting relief from the automatic stay as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached Motion.

3. To file a response to the motion, you may obtain an approved court form at www.cacb.uscourts.gov/forms for use in preparing your response (optional LBR form F 4001-1.RFS.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

4.  When serving a response to the motion, serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above.

5.  If you fail to timely file and serve a written response to the motion, or fail to appear at the hearing, the court may deem such failure as consent to granting of the motion.

6.  ☐ This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1(d). If you wish to oppose this motion, you must file and serve a written response to this motion no later than 14 days before the hearing and appear at the hearing.

7.  ☑ This motion is being heard on SHORTENED NOTICE pursuant to LBR 9075-1(b). If you wish to oppose this motion, you must file and serve a response no later than (*date*) _____ and (*time*) _____; and, you may appear at the hearing.

    a.  ☐ An application for order setting hearing on shortened notice was not required (according to the calendaring procedures of the assigned judge).

    b.  ☐ An application for order setting hearing on shortened notice was filed and was granted by the court and such motion and order have been or are being served upon the Debtor and upon the trustee (if any).

    c.  ☑ An application for order setting hearing on shortened notice was filed and remains pending. After the court rules on that application, you will be served with another notice or an order that specifies the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

Date: **07/12/2017**

Law Offices of Kimball, Tirey & St. John LLP
Printed name of law firm (if applicable)

**R. Scott Andrews, SBN 219936**
Printed name of individual Movant or attorney for Movant

/s/ R. Scott Andrews
Signature of individual Movant or attorney for Movant

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                          Page 2                                  F 4001-1.RFS.UD.MOTION

# MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR FOR ORDER
# CONFIRMING THAT THE AUTOMATIC STAY DOES NOT APPLY
## (Unlawful Detainer)

1. **Movant is the:**

   a. ☑  Owner of the Property
   b. ☐  Authorized Agent of the owner of the Property
   c. ☐  Other (*specify*):

2. **The Property at Issue (Property):**

   Type of Property:  ☑ Residential  ☐ Nonresidential

   *Street Address*:         **21308 Virtuoso**
   *Unit/Suite Number*:
   *City, State, Zip Code*:   **Irvine, CA 92620**

3. **Bankruptcy Case History:**

   a. ☑  A voluntary  ☐ An involuntary  petition under chapter  ☑ 7  ☐ 11  ☐ 12  ☐ 13
      was filed on (*date*): **06/28/2017**

   b. ☐  An order to convert this case to chapter  ☐ 7  ☐ 11  ☐ 12  ☐ 13
      was entered on (*date*):

   c. ☐  A plan was confirmed on (*date*):

4. **Pursuant to 11.U.S.C. § 362(b)(22) and (23) there is no stay because (*check all that apply*):**

   a. ☐  Movant commenced an eviction, unlawful detainer action or similar proceeding against the Debtor involving
      residential property in which the Debtor resides and:

      (1) ☐  The Debtor has not filed and served on Movant the certification required under 11 U.S.C. § 362(l)(1).

      (2) ☐  The Debtor or adult dependent of the Debtor has not deposited with the clerk any rent that would become
             due during the 30-day period after the filing of the petition.

      (3) ☐  The Debtor or adult dependent of the Debtor has not filed and served on Movant the further certification
             required under 11 U.S.C. § 362(l)(2) that the entire monetary default that gave rise to the judgment has
             been cured.

      (4) ☐  Movant filed and served an objection to the Debtor's certification.  A copy of the objection is attached as
             Exhibit _____.  A hearing on this objection is set for (*date*) _____.

5. **Grounds for Relief from Stay: (*check all that apply*)**

   a. ☑  Pursuant to 11 U.S.C. § 362(d)(1), cause exists because, as of the bankruptcy petition date, the Debtor had
      no right to continued occupancy of the premises, as follows:

      (1) ☑  Movant caused a notice to quit to be served on the Debtor.

      (2) ☑  An unlawful detainer proceeding was commenced on (*date*) **06/16/2017** .

      (3) ☐  An unlawful detainer judgment was entered on (*date*) _____.

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*                                    Page 3                          **F 4001-1.RFS.UD.MOTION**

(4) ☐ Movant acquired title to the Property by foreclosure sale before the bankruptcy petition was filed and recorded the deed within the period provided by state law for perfection.

(5) ☐ Movant acquired title to the Property by foreclosure sale after the bankruptcy petition was filed and recorded the deed within the period provided by state law for perfection.

b. ☑ Pursuant to 11 U.S.C. § 362(d)(1) the Debtor's right to possession should be terminated because (*check all that apply*):

(1) ☐ The lease or other right of occupancy expired by its terms on (*date*) _____.

(2) ☐ The lease has matured, been rejected or deemed rejected by operation of law on (*date*) _____.

(3) ☑ Lease payments have not been made after the filing of the bankruptcy petition.

(4) ☐ An unlawful detainer action was filed to obtain possession of the Property on grounds of endangerment of the Property or because of illegal use of controlled substances on the Property and Movant filed and served upon the Debtor a certification that ☐ such an action was filed or ☐ that within the 30 days preceding the certification, the Debtor has endangered the subject Property or illegally allowed the use of controlled substances on the Property. A copy of Movant's certification is attached as Exhibit _____. The Debtor ☐ has ☐ has not filed an objection to Movant's certification. A copy of the Debtor's objection, if any, is attached as Exhibit _____. A hearing on this objection is set for (*date*) _____.

(5) ☐ The bankruptcy case was filed in bad faith.

(A) ☐ Movant is the only creditor or one of few creditors listed in the Debtor's case commencement documents.

(B) ☐ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

(C) ☐ The Debtor filed only a few case commencement documents. No schedules or statement of financial affairs (or chapter 13 plan, if appropriate) has been filed.

(D) ☐ There was a recent transfer of all or part ownership of, or other interest in the Property without the consent of the Movant or court approval.

c. ☑ Pursuant to 11 U.S.C. § 362(d)(2)(A), the Debtor has no equity in the Property; and pursuant to 11 U.S.C. § 362(d)(2)(B), the Property is not necessary to an effective reorganization.

6. **Grounds for Annulment of the Stay.** Movant took postpetition actions against the Property or the Debtor:

a. ☐ These actions were taken before Movant knew the bankruptcy petition was filed, and Movant would have been entitled to relief from stay to proceed with these actions.

b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

c. ☐ Other:

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                          Page 4                              **F 4001-1.RFS.UD.MOTION**

7. **Evidence in Support of Motion:** *(Important Note: Declaration(s) in support of the Motion MUST be signed under penalty of perjury and attached to this motion.)*

    a. The UNLAWFUL DETAINER DECLARATION on page 7.

    b. ☐ Supplemental declaration(s).

    c. ☐ Other *(specify)*:


**Movant requests the following relief.**

1. Relief from stay pursuant to: ☑ 11 U.S.C. § 362(d)(1) ☑ 11 U.S.C. § 362(d)(2)

2. ☑ Movant (and any successors or assigns) may proceed under applicable nonbankruptcy law to enforce its remedies to obtain possession of the Property.

3. ☐ Confirmation that there is no stay in effect.

4. ☐ The stay is annulled retroactive to the bankruptcy petition date. Any postpetition acts taken by Movant to enforce its remedies regarding the Property shall not constitute a violation of the stay.

5. ☐ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, on the same terms and conditions as to the Debtor.

6. ☑ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

7. ☐ A designated law enforcement officer may evict the Debtor and any other occupant from the Property regardless of any future bankruptcy filing concerning the Property for a period of 180 days from the hearing of this motion:
    ☐ without further notice.
    ☐ upon recording of a copy of the order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

8. ☐ Relief from stay is granted under 11 U.S.C. § 362(d)(4), if the order granting this motion is recorded in compliance with state laws governing notices of interest or liens in real property, the order is binding in any other case under this title purporting to affect the Property filed not later than two years after the date of entry of such order, except that a debtor in a subsequent case under this title may move for relief from the order based upon changed circumstances or for good cause shown, after notice and a hearing.

9. ☐ The order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days from the hearing of this Motion:
    ☐ without further notice.
    ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

10. ☐ The order is binding in any other bankruptcy case purporting to affect the Property filed not later than 2 years after the date of entry of such order, except that a debtor in a subsequent case may move for relief from the order based upon changed circumstances or for good cause shown, after notice and a hearing.

11. ☐ The order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the Property.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

12. ☐ If relief from stay is not granted with respect to the Property because the Property is the subject of a lease that may be assumable;

   a. ☐ Establishment of a deadline for assumption or rejection of the lease.

   b. ☐ Adequate protection in the form of regular payments at the lease rate from petition date until assumption or rejection of the lease.

13. ☐ Other relief requested.

Date: **07/12/2017**

 

Law Office of Kimball, Tirey & St. John LLP
_____
Print name of law firm (*if applicable*)

**R. Scott Andrews, SBN 219936**
Print name of individual Movant or attorney for Movant (*if applicable*)

   /s/ R. Scott Andrews
_____
Signature of individual Movant or attorney for Movant

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

# UNLAWFUL DETAINER DECLARATION

I, (name of declarant) _Vaanuni Shah_____, declare as follows:

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding Movant's interest in the Property because (specify):

   a. ☐ I am the Movant and owner of the Property.

   b. ☑ I manage the Property as the authorized agent for the Movant.

   c. ☐ I am employed by Movant as (title and capacity):

   d. ☐ Other (specify):

2. a. ☑ I am one of the custodians of the books, records and files of Movant as to those books, records and files that pertain to the rental of this Property. I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the court if required.

   b. ☐ Other (see attached):

3. The Property is:
   ☑ Residential   ☐ Nonresidential
   Street Address:        **21308 Virtuoso**
   Unit/Suite Number:
   City, State, Zip Code:   **Irvine, CA  92620**

4. Movant is the ☑ legal owner of the Property, or ☐ the owner's legally authorized agent. A true and correct copy of the trustee's deed upon sale, lease, rental agreement, or other document evidencing Movant's interest in the Property is attached as Exhibit __A__. A true and correct copy of the applicable document establishing Movant's authority as agent for the owner is attached as Exhibit _____.

5. The Debtor asserts a possessory interest in the Property based upon:
   (1) ☐ a month-to-month tenancy
   (2) ☑ a lease that is in default
   (3) ☐ after a foreclosure sale that was held on (date): _____
   (4) ☐ other (specify):

6. The Debtor failed to pay:
   a. ☑ The monthly rent of $ **1,770.00**_____ beginning on (date): **06/01/2017**.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                   Page 7                                   F 4001-1.RFS.UD.MOTION

b.  ☐ Other obligations including:

    (1) ☐ Common area maintenance charges

    (2) ☐ Property taxes

    (3) ☐ Other obligations (*specify*):

7.  Procedural status

    a.  ☐ The lease matured or was rejected on (*date*) _____:

        (1) ☐ by operation of law.

        (2) ☐ by order of the court.

    b.  ☑ Movant caused a notice to quit to be served upon the Debtor on (*date*) **06/06/2017**, and a true and correct copy is attached as Exhibit **B**.

    c.  ☑ Before the bankruptcy petition was filed:

        (1) ☑ Movant filed a complaint for unlawful detainer against the Debtor on (*date*) **06/16/2017**, and a true and correct copy is attached as Exhibit _____.

        (2) ☐ Trial was held on (*date*) ——————.

        (3) ☐ Trial was continued to (*date*) _____.

        (4) ☐ An unlawful detainer judgment against the Debtor was entered on the complaint for unlawful detainer on (*date*) _____, and a true and correct copy is attached as Exhibit _____.

        (5) ☐ A writ of possession for the Property was issued on (*date*) _____, and a true and correct copy is attached as Exhibit _____.

    d.  After the bankruptcy petition was filed:

        (1) ☐ The Debtor has not filed and served on the Movant the certification required under 11 U.S.C. § 362(l)(1).

        (2) ☐ The Debtor or adult dependent of the Debtor has not deposited with the clerk any rent that would become due during the 30-day period after the filing of the bankruptcy petition.

        (3) ☐ The Debtor or adult dependent of the Debtor has not filed and served on the Movant the further certification required under 11 U.S.C. § 362(l)(2) that the entire monetary default that gave rise to the judgment has been cured.

        (4) ☐ The Debtor filed and served on the Movant the certification required under 11 U.S.C. § 362(d)(1).

            (A) ☐ Movant filed and served an objection a copy of which is attached as Exhibit _____. A hearing on this objection is set for (*date*) _____.

            (B) ☐ Movant has not filed and served an objection.

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*                           Page 8                           F 4001-1.RFS.UD.MOTION

(5) ☐ An unlawful detainer action was filed to obtain possession of the Property on grounds of endangerment of the Property or because of illegal use of controlled substances on the Property and Movant has filed a certification that ☐ such action was filed or ☐ that the Debtor has endangered the Property within 30 days preceding the certification or allowed the illegal use of controlled substances on the Property. A copy of Movant's certification is attached hereto as Exhibit _____. The Debtor ☐ has ☐ has not filed an objection to Movant's certification. A copy of the Debtor's objection, if filed, is attached as Exhibit ____. A hearing on this objection is set for: _____.

(6) ☑ Regular lease payments have not been made after the bankruptcy petition was filed.

8. ☐ The Debtor does not have an interest in the Property that could be assumed or assigned under 11 U.S.C. § 365.

9. ☑ The Property is not necessary to an effective reorganization because it is:

a. ☑ Residential, and is not producing income for the Debtor.

b. ☐ Commercial, but no reorganization is reasonably in prospect.

c. ☐ No longer property of the estate.

d. ☐ Other (specify):


10. ☐ The bankruptcy case was filed in bad faith:

a. ☐ Movant is the only creditor or one of few creditors listed in the Debtor's case commencement documents.

b. ☐ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

c. ☐ The Debtor filed only a few case commencement documents. Schedules and a statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

d. ☐ Other (specify):


11. ☐ The filing of the bankruptcy petition was part of a scheme to delay, hinder or defraud creditors that involved:

a. ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval. See attached continuation page of facts establishing the scheme.

b. ☐ Multiple bankruptcy cases affecting the Property include:

(1) Case name: _____
   Chapter: _____   Case number: _____
   Date filed: _____   Date discharged: _____   Date dismissed: _____
   Relief from stay regarding the Property ☐ was ☐ was not  granted.

(2) Case name: _____
   Chapter: _____   Case number: _____
   Date filed: _____   Date discharged: _____   Date dismissed: _____
   Relief from stay regarding the Property ☐ was ☐ was not  granted.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                    Page 9                          F 4001-1.RFS.UD.MOTION

(3) Case name: _____

Chapter: _____    Case number: _____

Date filed: _____    Date discharged: _____    Date dismissed: _____

Relief from stay regarding the Property ☐ was ☐ was not granted.

☐ See attached continuation page for information about other bankruptcy cases affecting the Property.

☐ See attached continuation page for additional facts establishing that the multiple bankruptcy cases were part of a scheme to delay, hinder, or defraud creditors.

12. ☐ Enforcement actions taken after the bankruptcy petition was filed are specified in the attached supplemental declaration(s).

a. ☐ These actions were taken before Movant knew the bankruptcy petition was filed, and Movant would have been entitled to relief from stay to proceed with these actions.

b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

c. ☐ For other facts justifying annulment, see attached continuation page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 07/12/2017 | *Vaanini Shah* | *Vaanini Shah* |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                    Page 10                          F 4001-1.RFS.UD.MOTION

# EXHIBIT "A"



DocuSign Envelope ID: 59DB7BCD-A410-4148-8BCF-0810A2CC7CB4

## LEASE RENEWAL

THIS LEASE ("Lease") is made as of 08/13/2016 by and between The Irvine Company LLC ("Landlord"), and Gilnor May Masinda-Quinto. ("Resident"). If there are multiple signers for Resident, each shall be jointly and severally liable and are all collectively referred to as "Resident" herein.

1. **Premises:**

   1.1. Location. The premises is located at 21308 Virtuoso, Irvine, CA 92620 (the "Premises") in the Palmeras Apartment Homes community (the "Community"). The Premises leased to Resident consist of a residential unit together with any appliances, window coverings, carpet and other furnishings listed on the move-in form, and the Garage and/or number of Parking Space(s) listed in Section 5. Landlord may change Resident's designated Garage and/or Parking Space(s) from time to time with seven days advance written notice.

   1.2. Condition. Resident accepts the Premises and common areas in their existing condition, and acknowledges that Landlord has made no representation or warranty of any nature regarding their condition or of the surrounding area where the Community is located. Landlord makes no representation or warranty as to the Premises' floor plan square footage or the method used to calculate such square footage and any square footages in marketing materials are approximations only and may not be relied upon by Resident. By Resident's signature on this Lease, Resident shall be deemed to acknowledge that Resident is satisfied as to all matters regarding the Premises and the Community.

2. **Term:**

   2.1. Commencement. The term of the Lease commences on 09/15/2016 and ends on 09/14/2017 at 11:59 p.m (the "Term"). Landlord makes no representation that the Premises will be ready for occupancy on the commencement date of the Term. If Landlord is unable to deliver possession of the Premises at the commencement of the Term, Landlord shall not be liable for damages to Resident, but Resident shall not be responsible for payment of Rent for the period between the commencement of the Term and the time when Landlord delivers possession. If Landlord is not able to deliver possession within thirty (30) days of the commencement date of the Term, either Landlord or Resident may, prior to the time when Landlord delivers possession, cancel this Lease by giving written notice to the other. The Term of the Lease as set forth herein shall not be affected by the move-in date. Landlord may permit Resident the option of ending the Lease prior to the end of the Term pursuant to certain terms and conditions. In such event, Resident must execute a separate Lease Break Addendum.

   2.2. Expiration. **Upon expiration of the Term of this Lease, but not upon the earlier termination hereof, this Lease shall continue as a tenancy from month to month unless either (i) Landlord gives Resident at least sixty (60) days written notice prior to the expiration of any Lease Term if the Resident has resided at the Premises for a year or longer or at least thirty (30) days written notice prior to the expiration of any Lease Term if the Resident has resided at the Premises for less than one year, that such month to month tenancy shall not commence, or (ii) Resident gives written notice to Landlord at least (30) days prior to expiration of the Term of Resident's election that such month to month tenancy shall not commence, or (iii) Landlord gives Resident any other notice to terminate allowed by law. In the event this Lease shall continue as a tenancy from month to month the terms and conditions of the Lease shall apply with respect to such tenancy, except the Term shall be deemed modified to provide that the tenancy shall be from month to month, and Landlord may, at its option, increase the Rent to the monthly rental rate set forth in a written notification to Resident, or otherwise change the terms of tenancy as allowed by law. Resident acknowledges that this section contains provisions under which this Lease may automatically continue as a tenancy from month to month upon the expiration of the Term.**

   2.3. Surrender. Upon termination of the tenancy, Resident shall vacate the Premises, and any holding over by Resident or other co-Residents, Occupants, members of Resident's household, Resident's family, guests, agents and others under Resident's control ("Resident's Related Parties") after such expiration date shall not constitute a renewal hereof or give Resident any rights with respect to the Premises. If Resident fails to so vacate and surrender the Premises upon termination, Resident shall indemnify and hold Landlord harmless from any loss or liability, including without limitation any claims made by any succeeding resident, from failure to vacate the Premises. Upon vacating the Premises, Resident shall (a) deliver the Premises empty of all persons, (b) remove all of Resident's and Resident's Related Parties' personal property from the Premises and from all Parking Spaces, Garages, and storage spaces provided under the Lease, (c) clean the Premises in accordance with the Rules and Move-Out Guidelines, and (d) provide Landlord with Resident's forwarding address.

06.08.2016

EXHIBIT 

DocuSign Envelope ID: 59DB7BCD-A410-4148-8BCF-0810A2CC7CB4

**3. Rent:**

3.1. Payment. Resident shall pay Landlord $1770.00 each month ("Rent") in advance on or before the first (1ˢᵗ) day of each calendar month during the Term (the "Rent Due Date"). If Landlord delivers possession of the Premises to Resident on any day other than the first day of a month, Resident shall pay the initial Rent payment based on a 30-day proration (except February, which shall be prorated by the actual number of days in the month). In addition, all other monetary obligations of Resident under this Lease (except the Security Deposit) shall be deemed to be additional rent. Any reference to the term "Rent" in this Lease shall be deemed to include additional rent. Rent and all other charges due Landlord shall be payable only by cashier's check, personal check or money order made payable to the name of the Community specified in Section 1.1, or by online payment. Payment made by check or money order should be mailed to Palmeras Apartment Homes PO BOX 2600 Newport Beach, CA 92658-2600 or at such other place or in such other manner as Landlord may from time to time designate. Resident shall remit one check or money order for the Rent payable for the Premises, and shall write Resident's Unit number on the check or money order. *Any payments made by mail are made at Resident's risk and must be received by Landlord by the due date. To make a payment online, go to https://residents.irvinecompanyapartments.com. Residents who wish to pay online will need to create a pay rent account. Instructions about how to create a pay rent account and make online payments are available at http://marketing.irvinecompany.com/apartment_communities/resident/website/Create%20An%20Account.pdf. Payments must be made online or mailed to the specified address above. Payments will not be accepted at the Community leasing office.* If Rent or any other charge due hereunder is not paid when due and Landlord serves a Notice To Pay Rent Or Quit or Notice to Perform Covenant or Quit, Resident must tender payment by cashier's check or money order only to cure the notice. At Landlord's option and without notice, Landlord may apply payments received first to any of Resident's unpaid obligations, then to current rent, regardless of notations on checks or money orders and regardless of when the obligations arose. As required by law, Resident is hereby notified that a negative credit report reflecting on Resident's credit record may be submitted to a credit reporting agency if Resident fails to pay rent or other amounts owing under this Lease on time.

3.2. Late Fees. Resident acknowledges that if Resident pays Rent after the due date, Landlord will incur costs not contemplated by this Lease, the exact amount of such costs being extremely difficult and impracticable to determine. Such costs include, without limitation, processing and accounting charges. Therefore, if any installment of Rent due from Resident is not received by Landlord when due, Resident shall pay to Landlord an additional sum of $75.00 as a late charge. The parties agree that this late charge represents a fair and reasonable estimate of the costs that Landlord will incur by reason of late payment by Resident. Landlord's acceptance of Resident's payment of any late charge shall not constitute a waiver by Landlord of Resident's default with respect to the overdue amount, nor prevent Landlord from exercising any other rights and remedies available to Landlord.

3.3. Returned Check. If Resident's personal check for Rent is not honored or is returned by Resident's financial institution for any reason ("Returned Check"), Landlord will treat this situation as if Resident has not paid Rent for that month. Resident shall be obligated to pay Landlord an additional fee of Twenty-five Dollars ($25.00) for any Returned Check. Resident shall replace any Returned Check with a cashier's check or money order only. After receipt of two (2) Returned Checks, at Landlord's option, Landlord may thereafter require payment of Rent from Resident in the form of a cashier's check or money order only.

**4. Security Deposit:** At the time Resident signs this Lease, Resident shall also pay Landlord a security deposit in the amount of $600.00 ("Security Deposit") as security for the faithful performance of Resident's obligations under this Lease. Landlord shall have the right to commingle the Security Deposit with other funds of Landlord. Landlord may, at its option, deduct from the Security Deposit such amounts as are reasonably necessary (a) to remedy Resident's defaults in the payment of Rent, utility charges or any other item for which Resident is responsible under the Lease, (b) to repair damage (other than ordinary wear and tear) to the Premises caused by Resident, Resident's Related Parties and/or visitors or pets, including but not limited to stains in carpet, counter damage, drywall repair, painting, drapes and plumbing system, (c) to clean the Premises upon termination of the tenancy, and/or (d) to cover the cost of restoring, replacing or reclaiming any personal property provided to Resident (such as refrigerators, stoves, garage door remote control devices, keys, and the like). The Security Deposit shall be refunded or applied as provided in California Civil Code Section 1950.5. In the event Landlord uses any part of the Security Deposit during the tenancy, Resident shall replenish the Security Deposit to its full amount within ten (10) days after Landlord's written notice to Resident of the deduction and Landlord's demand that the Security Deposit be replenished in full. In the event the Security Deposit does not adequately cover the costs of cleaning, repairs or other charges set forth above, Resident shall promptly tender the remaining balance of these costs and charges to Landlord. Nothing in this provision shall be construed to limit

DocuSign Envelope ID: 59DB7BCD-A410-4148-8BCF-0810A2CC7CB4

Landlord's right of recovery against Resident in the event Resident fails to return the Premises to Landlord in as good and clean condition as upon commencement of the Term.

**5.   Parking:** Resident shall have the right to park 2 vehicles in the following parking space(s): Garage #469 (B) (the "Parking Space(s)" and/or "Garage"). Use of the Garage or Parking Space(s) for anything other than as specified in the Rules is prohibited.

**6.   Occupancy:** Only the following people are permitted to live at the Premises (full name): <u>Gilnor May Masinda-Quinto</u> (the "Occupants"). Resident agrees to use and maintain the Premises solely as a private residence for the Occupants and no other person(s) except for guests in accordance with the Rules.

**7.   Utilities:** The Utility Addendum is herein incorporated by reference.

**8.   Use of Premises:** Resident agrees to use and to cause Resident's Related Parties to use, the Premises and all common areas in accordance with, and to otherwise comply with the Resident Policies, Rules and Regulations (the "Rules") established by Landlord from time to time and incorporated herein by reference. Resident has reviewed a current copy of the Rules. Resident shall not, and shall make sure that Resident's Related Parties shall not (a) disturb (including, but not limited to, loud or late parties, loud playing of stereos, musical instruments, etc.), interfere, annoy, endanger or inconvenience other residents of the Community, neighbors, Landlord, Landlord's property manager and the respective officers, directors, members, managers, partners, shareholders, employees, affiliates, agents and representatives of both Landlord and property manager ("Landlord's Related Parties") or (b) violate any law, nor commit or permit waste or nuisance in or about the Premises or the Community or (c) permit pets or animals of any type in the Premises or the Community unless specifically authorized in writing by Landlord. Resident shall not have any pet dogs or pet cats in the Premises at any time without entering into a Pet Addendum with Landlord.

Residents shall be responsible for the supervision and control of Resident's Related Parties while such persons are within the Premises or anywhere within the Community. To the maximum extent allowed by law, Resident agrees to assume the risk of injury to Resident's Related Parties, and further agrees to hold Landlord and its agents harmless from any liability arising from the use of the Premises, recreational facilities or common areas by Resident's Related Parties. Without limiting any other indemnity contained herein, Resident agrees to fully defend and indemnify Landlord and its agents from any claim brought by or on behalf of Resident's Related Parties. Violation of Section 8, at Landlord's option, shall be deemed a noncurable breach of this Lease.

**9.   Alterations and Improvements:** Resident shall make no upgrades to, alterations of or improvements to the Premises without obtaining Landlord's prior written consent, including without limitation, painting, wallpapering, installing any other window covering, wall covering, security or surveillance cameras, permanent shelving and flooring, or adding or changing any lock or security device, bolt or latch on the Premises. In the event Landlord consents to any addition or change of lock or security device, Resident shall provide Landlord with a key or code to any such lock or device upon installation thereof. If Landlord agrees to any such upgrade, alteration or improvement, Resident acknowledges and agrees that upon Landlord's request upon expiration of the tenancy, Resident shall, prior to vacating the Premises, remove such upgrade, alteration or improvement and restore the Premises to the condition in which it existed prior to the installation of such upgrade, alteration or improvement. Resident shall not, as a result of any upgrades, alterations or improvements installed by or on behalf of Resident, create or allow any mechanics or other lien to be placed on the Premises or the Community. If for any reason such lien is so created or placed, Resident shall, upon demand of Landlord, clear the same in a manner acceptable to Landlord and indemnify and save Landlord, the Premises and the Community free and harmless from any liability for any damage, claim, or loss arising therefrom.

**10. Damage and Repairs:**

10.1. <u>Notice.</u>  Resident shall give Landlord immediate written notification if repairs to the Premises may be required. If after receipt of such notice, Landlord's inspection indicates that such repairs are needed, Landlord shall repair the Premises and the cost of such repair shall be paid by Resident unless the Premises is "untenantable" as defined in California Civil Code Section 1941.1 and such condition was not caused by Resident or Resident's Related Parties.

10.2. <u>Damage.</u>  Resident shall hold Landlord harmless from and shall pay on demand all reasonable costs of repair or restoration resulting from (a) any damage to or destruction of the Premises, any appliances, window coverings, carpet or other furnishings provided by Landlord, or (b) any portion of the Community, resulting from any act or omission of Resident and/or Resident's Related Parties (collectively, "Resident Damage"), including without limitation, damage or destruction resulting from leaving windows open during rains or storms, flows of water from pipes, faucets or other sources, failure to report the presence of bedbugs or other pest infestations, mold or mildew, failure to turn off gas or electrical appliances or lights when not in use, and littering of the Premises or any portion of the Community.

06.08.2016

DocuSign Envelope ID: 59DB7BCD-A410-4148-8BCF-0810A2CC7CB4

10.3. <u>Insurable Events</u>. In the event of damage to or destruction of the Premises or any portion of the Community by fire, flood, earthquake, or any other cause or causes other than Resident Damage (each, an "Insurable Event"), Landlord shall have the option to (A) treat this Lease as continuing and repair or restore the Premises to its condition before such Insurable Event; or (B) elect not to repair the damage, in which event this Lease shall terminate as provided in Landlord's written notice to Resident. After the occurrence of any Insurable Event, (a) Resident's obligation to pay Rent hereunder shall be abated in an amount which Landlord, in its sole discretion, shall determine to be proportionate to the area of the Premises rendered unfit for use by Resident during the period of repair or restoration; and (b) Resident's sole remedy against Landlord shall be rent abatement, and Resident shall not be entitled to any other award of damages or compensation from Landlord.

10.4. <u>Relocation</u>. For any repairs that Landlord makes, Landlord shall have the right to cause Resident to vacate the Premises upon reasonable notice from Landlord. Resident shall not be entitled to any compensation for vacating the Premises provided Resident is temporarily or permanently relocated to another residence in the Community, other comparable rental community owned by Landlord or its affiliate or hotel.

**11. Resident Insurance Requirements:** Resident shall maintain at all times during the Term of this Lease, at Resident's sole expense, a standard type of tenant's or Renter's Homeowners insurance policy, or its equivalent, issued by a licensed insurance company. Such policy shall provide limits of liability of (i) $100,000.00 personal liability, and (ii) the greater of $10,000.00 or the full replacement value of Resident's personal property, or greater amounts as may be needed as determined by Resident. If Resident elects to install a satellite dish as permitted by this Lease, Resident shall maintain public liability and property damage insurance with a single combined liability limit of $100,000.00 and property damage limit of not less than $50,000.00 insuring against claims for bodily injury, death or property damage occurring from the installation, maintenance, operation and/or removal of the satellite dish. The policy shall name Landlord as an additional insured. Resident shall provide Landlord with proof of such insurance to Landlord's satisfaction. To the greatest extent allowed by law, Resident hereby (a) releases Landlord and Landlord's Related Parties from any and all claims for damages or loss to Resident's personal property (including any deductible and including loss caused by earthquake or other Insurable Event) and from any and all claims for personal liability, damages or loss in, on or about the Premises that are caused by or result from risks that are or would be insured under Resident's insurance coverage, including, but not limited to, damage or loss caused by fire, theft, rain, water overflows and leakage, and (b) waives any and all rights of recovery and rights of subrogation against Landlord and Landlord's Related Parties in connection with any damage, claim or loss that is or would be covered by Resident's insurance coverage.

**12. Landlord's Liability; Resident's Indemnity:**

12.1. <u>Limitation on Liability</u>. To the greatest extent provided by law, Landlord and Landlord's Related Parties shall not be liable for any injury (including death) to any person caused by any use of the Premises or the Community by Resident, Resident's Related Parties, or arising from any other cause whatsoever, nor shall Landlord or Landlord's Related parties be liable for any loss or damage to any personal property belonging to Resident or located on the Premises, the Community or other facility under the control of Landlord. To the greatest extent allowed by law, Resident hereby agrees to hold Landlord and Landlord's Related Parties harmless from all liability for any such injury, loss or damage. To the extent allowed by law, Resident agrees to assume all risk of harm, and waive all claims against Landlord and Landlord's Related Parties, resulting from use of common area amenities, even if caused by the negligence of Landlord and Landlord's Related Parties. To the extent allowed by law, use of the common area amenities is at the sole risk of Resident and Resident's Related Parties.

12.2. <u>Indemnity</u>. Resident shall indemnify, defend and hold harmless Landlord and Landlord's Related Parties for any liability, damage, claims for personal injury and/or property damage, cost or expense (including reasonable attorneys' fees), whether incurred by or made against Landlord or Landlord's Related Parties, caused by the negligent, willful or intentional act or omission of Resident, or Resident's Related Parties. Resident also agrees that Landlord shall not be liable for matters (and this Lease shall not be terminated by any interruption or interference with services or accommodations due Resident) caused by strike, riot, orders or acts of public authorities, acts of other residents, accidents, interruption in or shortages of public utilities, the making of necessary repairs to the building of which the Premises are a part, or any other cause beyond Landlord's control. Resident shall also defend, indemnify and hold Landlord and Landlord's Related Parties harmless from and against any claims, costs and liabilities, including attorneys fees and costs, arising out of or in connection with (a) any storage, use and/or disposal of hazardous, toxic or radioactive matter (b) any damage or injury resulting from Resident's negligent or improper installation, maintenance, operation or removal of any satellite dish.

**13. Assignment and Subletting:** Resident shall not assign its interests under this Lease and shall not sublet all or any part of the Premises, or allow any other person or entity other than the Occupants, or guests pursuant to Section 6, to occupy or use all or any part of the Premises. Any attempted assignment, whether voluntary or involuntary, at

DocuSign Envelope ID: 59DB7BCD-A410-4148-8BCF-0810A2CC7CB4

Landlord's election, shall constitute a default. Resident may not advertise the Premises on Airbnb, Couchsurfing, Craigslist or any other advertisement or listing service. Any attempted assignment, whether voluntary or involuntary, at Landlord's election, shall constitute a non-curable default. In any event, the original Resident under this Lease shall remain responsible for all of Resident's obligations even if additional Residents are added to or removed from this Lease during the Term.

14. **Defaults:** The following shall constitute a material default and a breach of this Lease by Resident:

    A. Resident abandons or vacates the Premises prior to the end of the Term.

    B. Resident fails to make any payment of Rent or any other payment required to be made by Resident hereunder, as and when due, which failure continues for a period of three (3) days after written notice thereof from Landlord to Resident.

    C. Resident fails to comply with any provision of this Lease or to perform any of Resident's obligations under this Lease, including but not limited to compliance with the Rules, where such failure continues for more than three (3) days after written notice thereof from Landlord to Resident. If the breach is of a nature that cannot be cured within such three (3) day period or is deemed a noncurable breach under this Lease (e.g., illegal activity, waste, nuisance, violation of Sections 8, 13 or 14.D, etc.), then at Landlord's option, this Lease shall be terminated upon service of three days written notice to quit.

    D. Resident provides false information on the Application to Rent or Resident's credit application or omits to disclose any information required by the Application to Rent or this Lease (such matter shall be deemed to be a noncurable default at the time of Landlord's discovery that the information was false).

15. **Remedies:** In the event of any default or breach by Resident, Landlord may at anytime thereafter, with or without notice or demand, and without limiting Landlord in the exercise of any right or remedy Landlord may have by reason of such default or breach:

    A. Terminate Resident's right to possession of the Premises by any lawful means, in which case this Lease shall terminate and Resident shall immediately surrender possession of the Premises to Landlord.

    B. In the event of such termination, Landlord may recover from Resident the amounts provided in California Civil Code Section 1951.2. Pursue any other remedy now or hereafter available under the laws or judicial decisions of the state where the Premises are located. The expiration or termination of this Lease and/or the termination of Resident's right to possession shall not relieve Resident from liability under any indemnity provisions of this Lease as to matters occurring or accruing during the Term or by reason of Resident's occupancy of the Premises.

    C. No remedy or election under this Lease shall be deemed exclusive, but shall, wherever possible, be cumulative with all other remedies at law or in equity.

16. **Limitation of Actions and Claims:** Any claim or action of any kind by Resident against Landlord or Landlord's manager (including, but not limited to, any claims for wrongful eviction, breach of the covenant of quiet enjoyment, breach of the warranty of habitability, or violation of any rent control law) arising out of or related to this Lease shall be barred or waived unless the action, suit, administrative hearing or other proceeding is commenced within one hundred eighty (180) days after the occurrence of the matter giving rise to the action or claim. This limitation shall also apply to claims that might otherwise be asserted as a "set off," credit, cross-complaint, or defense in such action or claim or in the context of the proceeding brought by either Landlord or Resident. If any legal action or proceeding is brought by either party to enforce any part of this Lease, the prevailing party shall recover, in addition to all other relief, reasonable attorneys' fees not to exceed $1,000.00, plus court costs.

17. **Disclosures:** Resident has received and reviewed a copy of the Community Disclosures as of the date of this Lease. The Community Disclosures are incorporated into the Lease by this reference.

18. **Detectors:** The smoke and carbon monoxide detection alarms in the Premises have been tested prior to Resident's move-in to insure operational performance. Resident shall not disable the smoke or carbon monoxide detection alarms. Resident is responsible for self-testing the smoke and carbon monoxide detectors on a monthly basis to insure their proper operation, and for replacing batteries as required. If the smoke or carbon monoxide detection alarms are not operational or Resident is unable to self-test the smoke or carbon monoxide detection alarm, the Resident must notify Landlord to arrange for inspection by Landlord's maintenance staff.

19. **Right of Entry:** Landlord has the right to enter the Premises as allowed by law. Law permits entry in case of emergency, to make necessary or agreed repairs, decorations, alterations or improvements, supply necessary or agreed services, to test smoke detectors, or exhibit the Premises to prospective or actual purchasers, mortgagees, tenants,

DocuSign Envelope ID: 59DB7BCD-A410-4148-8BCF-0810A2CC7CB4

workmen or contractors or to make an inspection pursuant to subdivision (f) of Civil Code §1950.5, or when the Resident has abandoned or surrendered the Premises and pursuant to court order. Landlord will serve Resident with written notice before entry unless:

- Entry is due to an emergency, surrender or abandonment of the Premises, or
- Resident and Landlord agree orally to an entry to make agreed repairs or supply agreed services at an approximate day and time within one week of the oral agreement, or
- Resident is present and consents to entry at the time of entry, or
- To exhibit the Premises to prospective or actual purchasers of the Premises or Community, provided that Landlord has notified Resident in writing within 120 days of the oral notice that the Premises or Community is for sale and that Resident may be contacted to allow for an inspection.

**20. Release of Information:**  Resident hereby grants Landlord the right to disclose information contained in Landlord's lease files regarding Resident or this Lease during or following the Term as follows: (a) in connection with the filing of negative credit report information as a result of Resident's failure to pay for amounts owing hereunder; (b) pursuant to subpoena, court order, applicable law or regulation, or governmental request; (c) where necessary for Landlord's accountants, attorneys or insurers in connection with Landlord's business operations; or (d) for any other purpose permitted under our Privacy Policy. Our Privacy Policy is available online at https://www.irvinecompany.com/privacy-policy. You may request a hard copy of the Privacy Policy from your resident services office.  Nothing contained in this Lease should be construed to create any expectation of privacy by Resident regarding information pertaining to Resident, the Lease and/or information concerning Resident and/or the Lease contained in Landlord's lease files.

**21. Notices, Demands, Requests And Service Of Process:**

A.  All notices, demands and requests that may be or are required to be given pursuant to the provisions of this Lease may be served pursuant to California Code of Civil Procedure Section 1162 or as otherwise permitted by law. Any such notice, demand and request shall be given as follows:

i.  If to Landlord, the notice, demand or request shall be sent to Christie Heppenstall (the "Community Manager") at 100 Virtuoso, Irvine, CA, 92620-0341 (949) 336-5150  or to such other person or to such other address as Landlord may hereafter designate by written notice.

ii.  If to Resident, the notice, demand or request shall be given to Resident at the address of the Premises specified in Section 1.1 above.

B.  Service of process upon Landlord may be served as provided by law upon Landlord's authorized agent for service of process at the following address or upon such other person or at such other address as Landlord may designate by written notice:  Corporation Service Company (CSC) 2710 Gateway Oaks Drive, Suite 150N Sacramento, CA 95833-3505 (916) 641-5100 or (800) 927-9800.

C.  The name, address and phone number of Landlord's management agent is:  The Irvine Company Apartment Communities, Inc. a Delaware corporation, 131 Theory Irvine, CA 92617, (949) 720-5600.  Service of process upon the Landlord's management agent may be served as provided by law upon the authorized agent for service of process of the Landlord's management agent at the following address or upon such other person at such other address as Landlord's management agent may designate by written notice:  Corporation Service Company (CSC) 2710 Gateway Oaks Drive, Suite 150N Sacramento, CA 95833-3505 (916) 641-5100 or (800) 927-9800.

D.  Landlord's requests and notices to any person comprising Resident constitute notice to all persons comprising Resident and all Occupants.  Notices and requests from any person comprising Resident or any Occupant (including notices of lease termination, repair requests and entry permissions) constitute notice from all persons comprising Resident.

**22. Survival:** No indemnity in this Lease shall in any way limit any other indemnity contained in this Lease.  Resident's obligations in Sections 2.2, 2.3, 4, 8, 9, 10, 11, 12.2, 15, and 16 shall survive the expiration and/or termination of this Lease.

**23. Time:** Time is of the essence in this Lease.

**24. No Waiver:** No failure by Landlord to enforce any term of this Lease shall be deemed to be a waiver of Landlord's right to enforce such provision on the same or any future occasion, nor shall Landlord's acceptance of a partial payment of rent be deemed a waiver of Landlord's right to the full amount of rent.  Landlord's acceptance of rent with knowledge of any default by Resident shall not be deemed a waiver of such default, nor shall it limit Landlord's rights, including Landlord's rights to terminate the Lease, Landlord's rights under any notices served upon Resident, or Landlord's right to file and prosecute an unlawful detainer action.

06.08.2016

DocuSign Envelope ID: 59DB7BCD-A410-4148-8BCF-0810A2CC7CB4

**25. Interpretation:** Headings at the beginning of each section are solely for the convenience of the parties and are not a part of and shall not be used to interpret this Lease. The singular form shall include the plural, and vice versa. In the event of any conflict between the terms and provisions of this Lease and applicable California law, California law shall control, unless waived herein. If any provision of this Lease, or its application to any person, place or circumstance, is held by an arbitrator or court of competent jurisdiction to be invalid, unenforceable, or void, such provision shall be enforced to the fullest extent permitted by law, and the remainder of this Lease and such provision(s), as applied to other persons, places and circumstances, shall remain in full force and effect.

**26. Entire Agreement:** This Lease, together with the Rules and Disclosures and any other addenda, constitutes the entire agreement between Landlord and Resident. The parties consider each and every term, covenant and provision of this Lease to be material and reasonable. This Lease supersedes any and all oral or written representations or agreements that may have been made by either party prior to or on the date Landlord and Resident execute this Lease. Any modification to the terms of this Lease must be in writing and signed by both Landlord and Resident to be effective and enforceable.

**THIS SPACE INTENTIONALLY LEFT BLANK**

06.08.2016

DocuSign Envelope ID: 59DB7BCD-A410-4148-8BCF-0810A2CC7CB4

**Resident understands that the tenancy will automatically continue on a month-to-month basis at the end of the term specified in paragraph 2.1 above, until terminated as allowed by this contract or by law.  See paragraph 2.2**

RESIDENT:                                                                LANDLORD:

NAME: _____    DATE: _____        The Irvine Company LLC

NAME: _____    DATE: _____        By: The Irvine Company Apartment Communities, Inc.,
                                                                     a Delaware corporation, its duly authorized agent
NAME: _____    DATE: _____

NAME: _____    DATE: _____        By: _____

NAME: _____    DATE: _____        Name: _____

NAME: _____    DATE: _____        Title: _____

NAME: _____    DATE: _____

# EXHIBIT "B"

## THREE DAY NOTICE TO PAY RENT OR QUIT

TO:     Gilnor May Masinda-Quinto
and all tenants, subtenants and any others in possession

SUBJECT PREMISES: 21308 Virtuoso, Irvine, CA 92620

NOTICE IS HEREBY GIVEN that pursuant to the lease or rental agreement under which you hold possession of the above-referenced subject premises, there is rent now due and owing in the total amount of $1770.

WITHIN THREE (3) DAYS after service of this notice upon you, you must pay the total amount of rent stated in this notice, or vacate and deliver possession of the subject premises to the undersigned.

If you fail to either to pay the amount of rent demanded in this notice or to vacate and deliver the subject premises to the undersigned within three days, legal proceedings will be commenced against you to declare a forfeiture of your lease/rental agreement, to recover possession of the subject premises and to seek a money judgment for the rent demanded herein and damages for each day that you occupy the subject premises after the period(s) covered by this notice. Such a judgment against you may include attorney fees and costs as allowed by law or contract and statutory damages of up to $600.00. If you fail to fulfill the terms of your credit obligations, a negative credit report may be submitted to a credit reporting agency.

Further, if you fail to timely pay the amount demanded by this notice, the undersigned declares a forfeiture of the lease or rental agreement under which you hold possession of the subject premises.

Payment must be made by CASHIER'S CHECK OR MONEY ORDER ONLY, payable to Palmeras Apartment Homes and must be delivered to Christie Heppenstall; 100 Mimsol, Irvine California, 92620; telephone number: (949) 336-5150. He/she or another authorized representative will be available to accept payment from 9 a.m. to 6 p.m. Monday through Saturday and from 12 p.m to 6 p.m. on Sunday. The office is closed daily from 1 p.m. to 2 p.m.

LANDLORD

The Irvine Company LLC

By: The Irvine Company Apartment Communities, Inc.,
a Delaware corporation, its duly authorized agent

Date:    06/06/2017

By:  Christian Carter
Title: Resident Relations Rep.

EXHIBIT 2

## DECLARATION OF SERVICE OF NOTICE(S) TO TENANT(S)

I, the undersigned, declare that I served the Notice(s) below indicated:

__XXX____ 3 DAY NOTICE TO PAY RENT OR QUIT

_____ 3 DAY NOTICE TO PERFORM COVENANT OR SURRENDER

_____ 30 DAY NOTICE TO QUIT

The above described Notice(s) were served on the following named parties in the manner set forth below:

**Gilnor May Masinda-Quinto**
**21308 Virtuoso**
**Irvine, CA 92620**

☐    1. PERSONAL
     SERVICE

By delivering a copy of the Notice(s) on 06/06/2017 to each of the above personally.

2. CONSTRUCTIVE
   SERVICE

After due and diligent effort, by service of said Notice(s) as authorized by C.C.P. Section 1162(2,3,) on each of the above named parties in the manner set forth below:

☐    A. By leaving a copy for each of the above named parties on 06/06/2017

with _____a person of suitable age and discretion at the residence or usual place of business of each of the above named each being absent therefrom; and thereafter mailing a copy to each of the above named  parties by depositing said copies in the United States Mail, in a sealed envelope, with postage fully prepaid, addressed to each of the above named parties at their place of residence at:

**21308 Virtuoso**
**Irvine, CA 92620**

☑    B. By posting a copy for each of the above named parties on 06/06/2017

in a conspicuous place on the property therein described there being no person of suitable age or discretion to be found at any known place of residence or business of said Tenants; and thereafter mailing a copy to each said Tenant by depositing said copies in the United States Mail, in a sealed envelope with postage fully prepaid, addressed to each said Tenant at their place where the property is situated on
Palmeras Apartment Homes, Irvine, CA

At the time of service, I was at least 18 years of age. I declare under penalty of perjury that the forgoing is true and correct.

SIGNATURE: _____

DATED:    06/06/2017        AT  Irvine, CA

# EXHIBIT "C"

**UD-100**

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>— Helaine S. Ashton, Bar #135698<br>Kimball, Tirey & St. John LLP<br>2040 Main Street, Suite 500<br>Irvine, CA 92614<br>**TELEPHONE NO.:** (949) 476-5585   **FAX NO.** *(Optional):* (949) 476-5580<br>**E-MAIL ADDRESS** *(Optional):* OCefiling@kts-law.com<br>**ATTORNEY FOR** *(Name):* Plaintiff | **FOR COURT USE ONLY**<br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Orange<br>**06/16/2017** at 11:25:14 AM<br>Clerk of the Superior Court<br>By Vicky Huang,Deputy Clerk |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Orange
**STREET ADDRESS:** 4601 JAMBOREE RD, SUITE 104
**MAILING ADDRESS:**
**CITY AND ZIP CODE:** NEWPORT BEACH, CA 92660
**BRANCH NAME:** HARBOR JUSTICE CENTER

**PLAINTIFF:** THE IRVINE COMPANY LLC

**DEFENDANT:** Gilnor May Masinda-Quinto

[X] **DOES 1 TO** 10 inclusive

| | |
|---|---|
| **COMPLAINT - UNLAWFUL DETAINER\***<br>[X] **COMPLAINT**   [ ] **AMENDED COMPLAINT** *(Amendment Number):* _____ | **CASE NUMBER:**<br>30-2017-00926553-CL-UD-HNB |

**Jurisdiction** *(check all that apply):*
[X] **ACTION IS A LIMITED CIVIL CASE**
  **Amount demanded**   [X] **does not exceed $10,000**
                    [ ] **exceeds $10,000 but does not exceed $25,000**

[ ] **ACTION IS AN UNLIMITED CIVIL CASE** (amount demanded exceeds $25,000)
[ ] **ACTION IS RECLASSIFIED** by this amended complaint or cross-complaint *(check all that apply):*
   [ ] from unlawful detainer to general unlimited civil (possession not in issue)   [ ] from limited to unlimited
   [ ] from unlawful detainer to general limited civil (possession not in issue)   [ ] from unlimited to limited

1. **PLAINTIFF** *(name each):* THE IRVINE COMPANY LLC

alleges causes of action against DEFENDANT *(name each):*
Gilnor May Masinda-Quinto

2. a. Plaintiff is   (1) [ ] an individual over the age of 18 years.    (4) [ ] a partnership.
              (2) [ ] a public agency.                      (5) [ ] a corporation.
              (3) [X] other *(specify):*   Limited Liability Company

   b. [ ] Plaintiff has complied with the fictitious business name laws and is doing business under the fictitious name of *(specify):*

3. Defendant named above is in possession of the premises located at *(street address, apt. no., city, zip code, and county):*
21308 Virtuoso
Irvine, CA 92620
County of Orange

4. Plaintiff's interest in the premises is   [X] as owner   [ ] other *(specify):*
5. The true names and capacities of defendants sued as Does are unknown to plaintiff.
6. a. On or about *(date):* 8/13/2016               defendant *(name each):*
Gilnor May Masinda-Quinto

   (1) agreed to rent the premises as a [ ] month-to-month tenancy [X] other tenancy *(specify):*   1 Year
   (2) agreed to pay rent of $    1,770.00 payable [X] monthly [ ] other *(specify frequency):*
   (3) agreed to pay rent on the [X] first of the month [ ] other day *(specify):*
   b. This [X] written [ ] oral   agreement was made with
   (1) [ ] plaintiff.                    (3) [ ] plaintiff's predecessor in interest.
   (2) [X] plaintiff's agent.         (4) [ ] other *(specify):*

**\*NOTE: Do not use this form for evictions after sale (Code Civ. Proc., § 1161a).**       Page 1 of 3

Form Approved for Optional Use
Judicial Council of California
UD-100 [Rev. July 1, 2005]
Martin Dean's
ESSENTIAL FORMS™

**COMPLAINT - UNLAWFUL DETAINER**

Civil Code, § 1940 et seq.
Code of Civil Procedure §§ 425.12, 1166
www.courtinfo.ca.gov

17-3164533

| PLAINTIFF *(Name)*: THE IRVINE COMPANY LLC | CASE NUMBER: |
|---|---|
| DEFENDANT *(Name)*: Gilnor May Masinda-Quinto | |

6.  c. ☒ The defendants not named in item 6a are
    (1) ☐ subtenants.
    (2) ☐ assignees.
    (3) ☒ other *(specify):*   **Unknown**
  d. ☐ The agreement was later changed as follows *(specify):*

  e. ☒ A copy of the written agreement, including any addenda or attachments that form the basis of this complaint, is attached
    and labeled Exhibit 1. *(Required for residential property, unless item 6f is checked. See Code Civ. Proc., § 1166.)*
  f. ☐ *(For residential property)* A copy of the written agreement is **not** attached because *(specify reason):*
    (1) ☐ the written agreement is not in the possession of the landlord or the landlord's employees or agents.
    (2) ☐ this action is solely for nonpayment of rent (Code Civ. Proc., § 1161(2)).

7.  ☒ a. Defendant *(name each):* Gilnor May Masinda-Quinto

      was served the following notice on the same date and in the same manner:
    (1) ☒ 3-day notice to pay rent or quit    (4) ☒ 3-day notice to perform covenants or quit
    (2) ☐ 30-day notice to quit    (5) ☐ 3-day notice to quit
    (3) ☐ 60-day notice to quit    (6) ☐ Other *(specify):*
  b. (1) On *(date):* 06/09/2017    the period stated in the notice expired at the end of the day.
    (2) Defendants failed to comply with the requirements of the notice by that date.
  c. All facts stated in the notice are true.
  d. ☒ The notice included an election of forfeiture.
  e. ☒ A copy of the notice is attached and labeled Exhibit 2. *(Required for residential property. See Code Civ. Proc.,*
    *§ 1166.)*
  f. ☐ One or more defendants were served (1) with a different notice, (2) on a different date, or (3) in a different
    manner, as stated in Attachment 8c. *(Check item 8c and attach a statement providing the information required*
    *by items 7a-e and 8 for each defendant.)*

8.  a. ☒ The notice in item 7a was served on the defendant named in item 7a as follows:
    (1) ☐ by personally handing a copy to defendant on *(date):*
    (2) ☐ by leaving a copy with *(name or description):*
        a person of suitable age and discretion, on *(date):*    at defendant's
        ☐ residence ☐ business AND mailing a copy to defendant at defendant's place of residence on
        *(date):*    because defendant cannot be found at defendant's residence or usual
        place of business.
    (3) ☒ by posting a copy on the premises on *(date):* 6/6/2017  ☐ AND giving a copy to a
        person found residing at the premises AND mailing a copy to defendant at the premises on
        *(date):* 6/6/2017
        (a) ☐ because defendant's residence and usual place of business cannot be ascertained OR
        (b) ☒ because no person of suitable age or discretion can be found there.
    (4) ☐ *(Not for 3-day notice; see Civil Code, § 1946 before using)* by sending a copy by certified or registered
        mail addressed to defendant on *(date):*
    (5) ☐ *(Not for residential tenancies; see Civil Code, § 1953 before using)* in the manner specified in a written
        commercial lease between the parties.
  b. ☐ *(Name):*
    was served on behalf of all defendants who signed a joint written rental agreement.
  c. ☐ Information about service of notice on the defendants alleged in item 7f is stated in Attachment 8c.
  d. ☐ Proof of service of the notice in item 7a is attached and labeled Exhibit 3.

| PLAINTIFF (Name):  THE IRVINE COMPANY LLC | CASE NUMBER: |
|---|---|
| DEFENDANT (Name):  Gilnor May Masinda-Quinto | |

9. ☐ Plaintiff demands possession from each defendant because of expiration of a fixed-term lease.

10. ☒ At the time the 3-day notice to pay rent or quit was served, the amount of **rent due** was $          1,770.00

11. ☒ The fair rental value of the premises is $          59.00 per day.

12. ☐ Defendant's continued possession is malicious, and plaintiff is entitled to statutory damages under Code of Civil Procedure section 1174(b). *(State specific facts supporting a claim up to $600 in Attachment 12.)*

13. ☒ A written agreement between the parties provides for attorney fees.

14. ☐ Defendant's tenancy is subject to the local rent control or eviction control ordinance of *(city or county, title of ordinance, and date of passage):*



Plaintiff has met all applicable requirements of the ordinances.

15. ☐ Other allegations are stated in Attachment 15.

16. Plaintiff accepts the jurisdictional limit, if any, of the court.

17. **PLAINTIFF REQUESTS**
   a. possession of the premises.
   b. costs incurred in this proceeding:
   c. ☒ past-due rent of $ 1770.00 + $116.00 pursuant to notice to cure covenant or quit
   d. ☒ reasonable attorney fees.
   e. ☒ forfeiture of the agreement.

   f. ☒ damages at the rate stated in item 11 from *(date):* 07/01/2017       for each day that defendants remain in possession through entry of judgment.
   g. ☐ statutory damages up to $600 for the conduct alleged in item 12.
   h. ☐ other *(specify):*

18. ☒ Number of pages attached *(specify):*    16

**UNLAWFUL DETAINER ASSISTANT**   (Bus. & Prof. Code, §§ 6400-6415)

19. *(Complete in all cases.)* An unlawful detainer assistant ☒ did **not**   ☐ did   for compensation give advice or assistance with this form. *(If plaintiff has received any help or advice for pay from an unlawful detainer assistant, state:)*

   a. Assistant's name:
   b. Street address, city, and zip code:

   c. Telephone No.:
   d. County of registration:
   e. Registration No.:
   f. Expires on *(date):*


Date: 06/14/2017

Helaine S. Ashton, Bar #135698 _____ ▶ /s/ Helaine S. Ashton _____
      (TYPE OR PRINT NAME)                                 (SIGNATURE OF PLAINTIFF OR ATTORNEY)

**VERIFICATION**

*(Use a different verification form if the verification is by an attorney or for a corporation or partnership.)*

I am the plaintiff in this proceeding and have read this complaint. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

                                      ▶ See attached verification
_____        _____
      (TYPE OR PRINT NAME)                               (SIGNATURE OF PLAINTIFF)

## VERIFICATION

I, _Vaanini Shah_____, declare that:

That I am the agent for THE IRVINE COMPANY LLC, the Plaintiff in this action, and am authorized to make this verification for and on its behalf. I am making this verification for the Plaintiff because I am the person with the most personal knowledge of the facts contained in this complaint.

I have read the contents of the foregoing Complaint – Unlawful Detainer and know its contents. The same is true of my own knowledge, except as to those matters which are stated on information and belief, and as to those, I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on _6/10/2017_ in _100 Mirasol, Irvine_, California.

Signature: _UShah_____

Name: _Vaanini Shah_____

Authorized Agent for Plaintiff

VERIFICATION

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

2040 Main St., Suite 500
Irvine, CA  92614

A true and correct copy of the foregoing document entitled (*specify*): _____
Notice of Motion and Motion for Relief from the Automatic Stay or for Order Confirming
that the Automatic Stay Does Not Apply Under 11 U.S.C. § 362(L) (unlawful Detainer);

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 07/12/2017_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

   United States Trustee (SA) (US Trustee): ustpregion16.SA.ecf@usdoj.gov
   Jeffrey I. Golden (TR): ljones@wgllp.com, jig@trustesolutions.net;kadele@wgllp.com;lfisk@wgllp.com
   Randolph R Ramirez (attorney for Debtor): randolph.ramirez@yourlegalneeds.net;r49965@notify.bestcase.com

☐  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL:**
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served):**  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 07/12/2017_____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
   Gilnor May Masinda (Debtor): 21308 Virtuoso St., Irvine, CA 92620  - Overnight Mail
   Judge Mark S. Wallace

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 07/12/2017 | R. Scott Andrews | | /s/ R. Scott Andrews |
|---|---|---|---|
| *Date* | *Printed Name* | | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**